**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRYANT MARTIN,<br><br>Plaintiff,<br><br>v.<br><br>LUBE LIU,<br><br>Defendant. | No. 26 CV 1889<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Bryant Martin and defendant Lube Liu signed an agreement to co-own Atlas Ascend LLC, a talent agency representing TikTok content creators. The agreement stipulated that no member could restrict access to company accounts without the consent of the other member, but Liu changed several passwords and barred Martin from accessing those accounts. Plaintiff sued, bringing claims for breach of contract and breach of fiduciary duty. Defendant moves to dismiss under Rule 12(b)(6) for failure to state a claim. For the reasons discussed below, the motion is denied.

## I. Legal Standards

Federal Rule of Civil Procedure 12(b)(6) governs dismissals based on failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 776 (7th Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)). The complaint must contain

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating a complaint's sufficiency, courts "accept as true all well-pled facts and make any reasonable inferences in the non-movant's favor." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022). However, I disregard "[t]hreadbare recitals" supported only by conclusory statements. *Iqbal*, 556 U.S. at 678. When ruling on a motion to dismiss, courts may consider the allegations set forth in the complaint itself, documents attached to the complaint, documents central to the complaint and referred to in it, and information that is properly subject to judicial notice. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## II. Background

In January 2026, plaintiff Bryant Martin and defendant Lube Liu signed an agreement to govern the company Atlas Ascend LLC. [1-1] ¶ 6.[1] The agreement provides that (1) each member holds 50% ownership of Atlas Ascend LLC; (2) both members have equal voting rights; (3) 60% of profits would go to plaintiff and 40% to defendant; and (4) plaintiff is added as a member of Atlas Ascend. [1-4] at 9. The agreement also provides that no member "may change passwords, restrict access, or

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the complaint, [1-1]. The court has subject-matter jurisdiction over this case because plaintiff is a citizen of Illinois, defendant is a citizen of New York, and the amount in controversy exceeds $75,000. [1-1] ¶¶ 2–3; [1] ¶ 1. The parties agree that Illinois law applies. [27] at 6; [30] at 3.

otherwise tamper with these accounts without the express written consent of the other Member." [1-4] at 9.

The company's clients—creators—are active TikTok users who post videos to the social media platform. [1-1] ¶ 7. Creators also broadcast live on TikTok to their fans, who can give the creators virtual "gifts" in response. [1-1] ¶¶ 8–9. The gifts range in price from about one cent to over $500. [1-1] ¶ 10. The company receives a portion of the proceeds earned by each of its creators. [1-1] ¶ 13.

In exchange for sharing in their earnings, creators rely on the company to fix problems they have with the TikTok platform. [1-1] ¶ 15. The company has an assigned TikTok manager (a TikTok employee who they can contact directly). [1-1] ¶ 16. Managing the creators requires frequent communication with this individual. [1-1] ¶ 17. Since joining Atlas Ascend LLC, plaintiff has handled nearly all communications with the creators and the TikTok manager. [1-1] ¶ 20.

About two weeks after the agreement's effective date, defendant changed passwords on nearly all company accounts, barring plaintiff from accessing them. [1-1] ¶ 22. He also ceased communication with plaintiff. [1-1] ¶ 23. Defendant's actions give him complete and unchecked control over the company's funds and communication channels. [1-1] ¶ 28. As a result, plaintiff filed the present lawsuit, alleging breach of contract and breach of fiduciary duties. [1-1] ¶¶ 32–41.

## III. Analysis

### A. Count I: Breach of Contract

Defendant first argues that plaintiff failed to plausibly allege the existence of a limited liability company named Atlas Ascend LLC. [27] at 3–5. This argument fails for two reasons. First, Liu misstates plaintiff's theory of breach. According to the complaint, defendant breached the signed agreement when he changed the passwords and restricted plaintiff's access to company accounts—an act explicitly prohibited by the terms of the agreement. [1-1] ¶ 35. Plaintiff does not allege that defendant failed to file articles of organization as required to bring the LLC into existence. The legal status of Atlas Ascend LLC (or lack thereof) is immaterial to Martin's claim that defendant breached their agreement not to change passwords.[2] Atlas Ascend LLC need not exist as a properly registered Illinois LLC to plead a valid agreement between two people to own a company and share company passwords.

Second, and along a similar line, defendant misinterprets what is required of a condition precedent. "A condition precedent is one that must be performed before a contract becomes effective or that is to be performed by one party to an existing contract before the other party is obligated to perform." *Zahdan v. Frontline Bus.*

[2] Defendant contends that the complaint alleges Liu agreed to have Martin "added as a member of Atlas Ascend LLC." [31] at 5. This is not alleged in the complaint. The quoted language is pulled from the agreement but is not related to plaintiff's theory of breach, which is limited to the "Shared Access" section of the agreement. [1-4] at 9.

For the same reason, I need not consider the TikTok Agreement or declarations by the parties. [1-2]; [11-1]; [30] at 14. The information set forth in these documents is immaterial to plaintiff's theory of breach.

*Enter. Inc.*, 241 N.E.3d 1040, 1051 (Ill. App. Ct. 2024). According to Liu, the existence of Atlas Ascend was a condition precedent to plaintiff's claim. [27] at 4.

But the existence of a company is not a condition precedent to whether the parties can agree to not change the passwords to shared accounts. The agreement does not reflect the parties' mutual intent that Atlas Ascend come into existence in order to be bound by its terms. To the contrary, the agreement includes an "effective date" of January 22, 2026. [1-4] at 9. When Liu proceeded to change account passwords in February, the agreement was in effect, irrespective of the LLC's legal status.[3]

In the alternative, defendant argues that the agreement is invalid because plaintiff failed to allege the essential elements of contract formation: offer, acceptance, and consideration. [27] at 6. "For a contract to be enforceable, there must also be mutual assent as to the contract's terms." *Arbogast v. Chi. Cubs Baseball Club, LLC*, 194 N.E.3d 534, 542 (Ill. App. Ct. 2021). "The most common way by which mutual assent can be shown is through a signature on a contract. A party who has signed a contract is charged with knowledge and assent to its terms." *Id.* at 543. Here, the agreement was signed by both parties. [1-4] at 10. Paired with the profit-sharing nature of the agreement and the fact that plaintiff had been communicating with

[3] Defendant faults plaintiff for affirmatively citing "only two condition precedent cases, both of which are easily distinguishable." [31] at 5. But Liu, not Martin, "bears the burden of clearly establishing that the parties intended to create a condition precedent at the time the contract was made." *MCM Partners, Inc. v. Andrews-Bartlett & Assocs., Inc.*, 161 F.3d 443, 447 (7th Cir. 1998).

creators and the TikTok manager, it is reasonable to infer that the elements of contract formation are satisfied.

Under Illinois law, the elements of a breach of contract claim are "(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Kap Holdings, LLC v. Mar-Cone Appliance Parts Co.*, 55 F.4th 517, 522 (7th Cir. 2022) (citations omitted). Here, plaintiff has alleged the existence of a valid agreement, that he performed (by handling "nearly all communication" with the creators and TikTok manager), that defendant breached (by changing account passwords), and that the breach resulted in both financial and reputational harm.

Defendant's remaining points are of no consequence. First, I need not look beyond the four corners of the complaint to conclude that plaintiff has plausibly alleged a breach of contract claim. [27] at 5. Second, the viability of Martin's claim does not depend on him being a member of defendant's New York company (Atlas Agency LLC), nor does he allege that he is a member of Atlas Agency. [27] at 6. Defendant's argument again rests on the incorrect premise that the alleged breach occurred when Liu failed to make plaintiff a member or part owner of Atlas Ascend. [27] at 9. But Martin's theory of breach is that defendant changed account passwords that he had agreed not to change. The existence of an LLC (and plaintiff's legal status within that LLC—whatever its name) is immaterial to whether plaintiff has plausibly alleged a breach of contract. Defendant's motion to dismiss Count I is denied.

**B. Count II: Breach of Fiduciary Duty**

Liu also argues that plaintiff failed to allege the breach of a fiduciary duty because he cannot owe such a duty under the Illinois Limited Liability Company Act to a nonexistent LLC. [27] at 7. He further argues that Martin fails to plead the elements needed to transform his claim into one sounding under common law. [27] at 7. Plaintiff responds that even assuming Atlas Ascend LLC does not exist in Illinois, he has nonetheless pleaded facts sufficient to establish the existence of a partnership under Illinois law. [30] at 8–10.

To establish a breach of fiduciary duty under Illinois law, Martin must show that "(1) a fiduciary duty exists; (2) the fiduciary duty was breached; and (3) the breach proximately caused the injury of which the plaintiff complains." *nClosures Inc. v. Block & Co., Inc.*, 770 F.3d 598, 603 (7th Cir. 2014) (citations omitted). Fiduciary duties exist as a matter of law in certain relationships, including partnerships. *Autotech Tech. Ltd. v. Automationdirect.com*, 471 F.3d 745, 748 (7th Cir. 2006). "A partnership is an association of two or more persons to carry on, as co-owners, a business for profit." *Id.*; *see also* 805 ILCS 206/101(f). To establish a partnership, plaintiff must show that the parties (1) joined together to carry on a trade or venture, (2) for their common benefit, (3) with each contributing property or services to the enterprise, and (4) having a community of interest in the profits. *Autotech*, 471 F.3d at 748.

A partnership agreement need not be in writing; "the existence of a partnership relation is a question of intention to be inferred from the acts and conduct of the

parties." *Laroia v. Reuben*, 137 Ill.App.3d 942, 946 (1985). Further, sharing of profits is instructive evidence of a partnership: "A person who receives a share of the profits of a business is presumed to be a partner." *nClosures*, 770 F.3d at 603 (quoting 805 ILCS 206/202(c)(3)). Drawing all reasonable inferences in plaintiff's favor, the complaint adequately suggests a partnership even though it does not use the word. *See, e.g.*, *Laroia*, 137 Ill.App.3d at 946; *Haug v. Haug*, 193 Ill. 645, 647 (1901) ("A partnership may arise out of an arrangement for a joint business, wherein the word 'partnership' may not have been used.").

Martin has pleaded facts supporting the contention that he and Liu were co-owners of a business and each contributed services to the enterprise. Moreover, the signed agreement provides information on how profits would be divided between them. [1-4] at 9. Contrary to defendant's argument, plaintiff's breach of fiduciary duty claim is not limited to claims arising under the LLC Act. [31] at 9. Though plaintiff refers to himself and Liu as "members" of an LLC, whether such an LLC existed does not defeat his well-pleaded allegations that the two people were partners sharing profits from a venture, and therefore owed a fiduciary duty to each other.

Because Martin has pleaded the requisite elements of a partnership, he has plausibly alleged that a fiduciary relationship existed between the parties. Martin alleged that Liu breached his duty of loyalty when he froze plaintiff out of company accounts and that the breach caused financial and reputational damage. [1-1] ¶¶ 40–41. This is sufficient to state a claim for breach of a fiduciary duty. Defendant's motion to dismiss Count II is denied.

## IV. Conclusion

Defendant's motion to dismiss, [27], is denied. Defendant shall answer the complaint by October 14, 2026, the stay on discovery is lifted, and the parties shall propose a case schedule in a status report due October 21, 2026.

ENTER:

Manish S. Shah
United States District Judge

Date: September 30, 2026